FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BEVERLY P.,<br><br>                Plaintiff,<br><br>  -vs-<br><br>MARTIN O'MALLEY, Commissioner of Social Security, [1]<br><br>                Defendant. | No.   4:23-CV-5114-WFN<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER<br><br>ECF Nos. 9, 14 |

      Pending before the Court are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 9, 14. Attorney Chad Hatfield represents Beverly P. (Plaintiff); Special Assistant United States Attorney Jacob Phillips represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

### JURISDICTION

      Plaintiff filed an application for benefits on January 23, 2020, alleging disability since May 15, 2004. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on February 10, 2022, and

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

issued an unfavorable decision on February 22, 2022.  Tr. 28-40.  The Appeals Council granted review on June 5, 2023, issuing a partially favorable decision that found Plaintiff disabled "since February 22, 2022, but not before that date."  Tr. 11.  Plaintiff appealed this final decision of the Commissioner on August 4, 2023.  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the claimant bears the

burden of establishing a prima facie case of disability. Tackett, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. Beltran v. Astrue, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On February 22, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 28-40.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 23, 2020, the application date. Tr. 30.

At step two, the ALJ determined Plaintiff had the following severe impairments: diabetes mellitus; degenerative disk disease; chronic obstructive pulmonary disease; obesity (BMI 32); bipolar disorder; schizoaffective disorder, controlled with medications; and anxiety disorder. Tr. 30.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 30.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject a series of further exertional and non-exertional limitations. Tr. 33.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 38.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 38-39.

The ALJ thus concluded Plaintiff has not been disabled since the application date. Tr. 39.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; (B) whether the ALJ properly evaluated Plaintiff's subjective complaints; and (C) whether the ALJ erred at step five. ECF No. 9 at 5.

**DISCUSSION**

**A.    Medical Opinions**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. See *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff argues the ALJ misevaluated three medical opinions. ECF No. 9 at 8-17. The Court addresses each in turn.

**1.    Keith Goodman, D.O.**

Dr. Goodman, Dr. Goodman, one of Plaintiff's treating clinicians, completed a medical source statement on January 27, 2022, opining, among other things, that Plaintiff would miss at least four days of work per month and would be off-task at least 30% of the time if attempting to work a 40-hour workweek. Tr. 645-46. The ALJ found Dr. Goodman's opinion "not persuasive." Tr. 36.

The ALJ first discounted Dr. Goodman's opinion as inconsistent "with the medical evidence of record, which shows mild symptoms." Tr. 36. In support, the ALJ cited, without elaboration, to four exhibits totaling 177 pages. This was error. An ALJ's rejection of a clinician's opinion on the ground that it is contrary to unelaborated evidence in the record is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating their conclusions, ALJs

"must set forth [their] own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).  The reviewing court need not comb the administrative record to find specific conflicts.  *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

The ALJ next discounted the opinion as inconsistent with Plaintiff's "current and ongoing activities of daily living and her ability to care for her dying husband."[2]  Tr. 36.  Substantial evidence does not support this ground, as the ALJ failed to detail *which* activities she believed undermined the doctor's opinion and explain *how* these unelaborated activities undermined the doctor's opinion.  *See McAllister*, 888 F.2d at 602; *Reddick*, 157 F.3d at 725.  The ALJ thus erred by discounting the opinion on this ground.

Finally, the ALJ seemingly discounted the opinion as overly reliant on Plaintiff's self-report, noting that "it is difficult to discern how Dr. Goodman became aware of these limitations other than the claimant's self-reported and subjective complaints because he only saw the claimant twice."  Tr. 36-37.  This was error.  The record indicates the opinion was based on clinical observations and does not indicate the doctor found Plaintiff to be untruthful.  Therefore, this is no evidentiary basis for rejecting the opinion.  *Cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) (noting an ALJ does not validly reject a clinician's opinion "by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations").

The ALJ accordingly erred by discounting Dr. Goodman's opinion.

---

[2] The Court notes that Social Security proceedings are "inquisitorial rather than adversarial." *Sims v. Apefel*, 530 U.S. 103, 110-11 (2000) (plurality opinion).  The ALJ's inartful phrasing – "ability to care for her dying husband" – seemingly is in tension with the regulations governing the proceeding.

ORDER GRANTING
PLAINTIFF'S MOTION - 5

### 2. Ioly Lewis, ARNP.

ARNP Lewis examined Plaintiff on September 20, 2020, conducting a clinical interview and performing a mental status examination. Tr. 481-87. ARNP Lewis opined, among other things, that Plaintiff's ability to maintain regular attendance at work and complete work without interruptions from psychologically based symptoms was "poor." Tr. 487. The ALJ found this opinion "somewhat persuasive." Tr. 36.

The ALJ discounted the opinion as "inconsistent with the longitudinal record that demonstrates claimant is basically asymptomatic most of the time. Dr. Lewis [*sic*] appears to rely on the claimant's reports of symptoms and limitations that are not supported by the medical evidence of record, which shows the claimant has few mental complaints." Tr. 36. In support, the ALJ merely cited to numerous pages in the record. For the reasons discussed in the context of Dr. Goodman's opinion, the ALJ erred by discounting ARNP Lewis's opinion on these grounds. *See McAllister*, 888 F.2d at 602; *Reddick*, 157 F.3d at 725; *Burrell*, 775 F.3d at 1138; *Ryan*, 528 F.3d at 1199–2000.

### 3. Nargis Mozafari, Psy.D.

Dr. Mozafari, Plaintiff's treating psychologist, completed a medical source statement on January 27, 2022, opining, among other things, that Plaintiff would miss at least four days of work per month and would be off-task at least 30% of the time if attempting to work a 40-hour workweek. Tr. 651. The ALJ found Dr. Mozafari's opinion "not persuasive." Tr. 37.

The ALJ first discounted the opinion as "completely not supported by the medical evidence of record, which shows repeated findings on exam of generally either no symptoms or mild symptoms based on 'situational' stressor." Tr. 37. The ALJ failed to cite to any evidence in support of this finding. The ALJ thus erred by discounting the opinion on this ground. *See, e.g.*, *Burrell*, 775 F.3d at 1138.

The ALJ next discounted the opinion as inconsistent with "the claimant's own reports on self-report measures (PHQ-9 & GAD-7) that her symptoms are no more than mild." Tr. 37. On this record, this finding is unsustainable. While the record reflects instances

ORDER GRANTING
PLAINTIFF'S MOTION - 6

of mild PHQ-9 and GAD-7 scores, *see, e.g.*, Tr. 334, it also reflects instances of Plaintiff self-reporting acute depression and anxiety symptoms and exhibiting psychological distress, *see, e.g.*, Tr. 482, 523-24. Thus, the ALJ's finding is contrary to well-settled precedent that, in the mental health context, "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.") (cleaned up); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

Finally, the ALJ discounted the opinion as inconsistent with Plaintiff's activities, namely "caring for her dying husband," "being engaged in hobbies such as crafting," "operating a computer and making purchases on eBay," and "going to the store daily to get her husband's cigarettes or to take her friend to the store." Tr. 37. Plaintiff's minimal activities, however, are neither inconsistent with nor a valid reason to discount the opinions. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly

ORDER GRANTING
PLAINTIFF'S MOTION - 7

incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). The ALJ thus erred by discounting the opinions on this ground.

The ALJ accordingly erred by discounting Dr. Mozafari's opinion.

**B.    Subjective Complaints**

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints. ECF No. 9 at 17-20. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence, to include Plaintiff's course of and response to treatment. Tr. 34-35. However, because the ALJ erred by discounting the opinions of Dr. Goodman, ARNP Lewis, and Dr. Mozafari, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ next discounted Plaintiff's testimony as inconsistent with her activities. Tr. 34. As discussed in the context of Dr. Mozafari's opinion, Plaintiff's minimal activities neither "meet the threshold for transferable work skills," *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603), nor sufficiently undermine Plaintiff's allegations, *see Diedrich*, 874 F.3d at 643; *Reddick*, 157 F.3d at 722. The ALJ thus erred by discounting Plaintiff's testimony on this ground.

ORDER GRANTING
PLAINTIFF'S MOTION - 8

Third, the ALJ discounted Plaintiff's testimony on the ground Plaintiff "has never pursued mental health counseling even though it was recommended," reasoning as follows: "The fact that the claimant received no mental health treatment for her mental health problems is inconsistent with her allegations that they are disabling. If the claimant's mental health problems were not severe enough to motivate her to seek treatment, it is difficult to accept her assertion that they are disabling." Tr. 35. This finding is legally erroneous. The Ninth Circuit has long made clear that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). The ALJ thus erred by discounting Plaintiff's testimony on this ground.

Finally, the ALJ discounted Plaintiff's testimony on the ground Plaintiff "has only worked approximately 5 years in the last 36 years, the most recent time being almost 20 years ago." Tr. 35. Noting that Plaintiff "has lived of her husband's income and social security disability," the ALJ drew the "logical inference" that Plaintiff's "lack of working is likely due to other reasons, such as lack of motivation, complacency or lifestyle choice, rather than some recently arisen disability." Tr. 35-36. The ALJ's supposition aside, the Court discerns no evidence in the record indicating Plaintiff's "lack of motivation" or "complacency." Further, even if supported by substantial evidence, "one weak reason" is "insufficient to meet the 'specific, clear and convincing standard'" for rejecting Plaintiff's testimony. *Burrell*, 775 F.3d at 1140 (citation omitted). The ALJ thus erred by discounting Plaintiff's testimony on this ground.[3]

---

[3] The Court once again notes its concern about the ALJ's tone. As noted above, these proceedings are not to be adversarial. The Appeals Council thus would be well-advised to reassign this matter to another ALJ on remand. *Cf. Sarchet v. Chater*, 78 F.3d 305 (9th Cir. 1996) (Posner, J.) (noting that "[t]he tone of the [ALJ's] opinion suggests that she may have

The ALJ accordingly erred by discounting Plaintiff's testimony.

## SCOPE OF REMAND

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. ECF No. 9 at 22-23. Such a remand should be granted only in a rare case and this is not such a case. The medical evidence and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Nevertheless, mindful that the Appeals Council has already determined that Plaintiff has been disabled as of February 22, 2022, the Court imposes the following time limits on subsequent proceedings: The ALJ must complete further proceedings within 120 days and, if the ALJ finds Plaintiff not disabled and Plaintiff appeals, the Commissioner's final decision shall be rendered within 60 days of the appeal. *See Butts v. Barnhart*, 416 F.3d 101, 103-06 (2d Cir. 2005) (imposing 120-day limit for proceedings before the ALJ and a 60-day limit for administrative appeal); *Baldree v. Colvin*, 2015 WL 5568611, at *5 (C.D. Cal. Sept. 21, 2015) (collecting cases recognizing the authority to impose time limits); *see also* HALLEX 1-2-1-55.D.2 (articulating agency procedures following a time-limited court remand).

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's remaining assignment of error. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it

---

an unshakeable commitment to the denial of this applicant's claim" and recommending that the case be transferred to a different ALJ on remand).

ORDER GRANTING
PLAINTIFF'S MOTION - 10

is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall reevaluate the opinions of Dr. Goodman, ARNP Lewis, and Dr. Mozafari, reassess Plaintiff's testimony, redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED IN PART** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the medical opinions addressed herein, reassess Plaintiff's testimony, redetermine the RFC as needed, and proceed to the remaining steps as appropriate. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion for summary judgment, filed December 8, 2023, **ECF No. 9**, is **GRANTED**.

2. Defendant's motion to affirm, filed February 13, 2024, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 6th day of May, 2024.

05-06-24

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING
PLAINTIFF'S MOTION - 11